# Ridley Park Borough *v.* United Telephone & Telegraph Company, Appellant.

*Telephone company—Borough—Contract—Sale—Lease—Affidavit of defense.*

In an action by a borough against a telephone company to recover on a penal bond which was conditioned to pay to the borough the penalty stated, if the company should "sell out, or in any manner be controlled by another company," the statement of claim averred that the company had leased its lines to an individual for the term of 999 years. It was also averred that the object of the lease was to transfer the possession and control of the property to a company or companies unknown to the plaintiff. The defendant in its affidavit of defense denied that it had sold out to any other company, or was controlled by any other company, and averred that the lease was made in good faith and without any design that the possession and control of the company should be transferred to any other company or companies. *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued Nov. 21, 1906. Appeal, No. 191, Oct. T., 1906, by defendant, from order of C. P. Del. Co., March T., 1904, No. 183, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Ridley Park Borough v. United Telephone & Telegraph Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a penal bond.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the statement of claim, and of the affidavit of defense appear by the opinion of the Superior Court.

*A. B. Geary,* for appellant.—By the lease to Shattuck the appellant did not " sell out or in any manner be controlled by any other company : " Morrison v. St. Paul & Northern Pacific Ry. Co., 30 Lawyers' Rep. Ann. 546 ; Moneyweight Scale Co. v. Woodward, 29 Pa. Superior Ct. 142 ; Pullman Palace Car Co. v. Missouri Pacific Ry. Co., 115 U. S. 587 (6 Sup. Ct. Repr. 194).

*O. B. Dickinson*, with him *J. H. Hinkson*, for appellee, cited :
Pullman Palace Car Co. v. Ry. Co., 11 Fed. Repr. 634.

OPINION BY RICE, P. J., March 5, 1907 :

As required . by the ordinance granting consent to the .defendant to erect and maintain poles and wires within the limits
of the borough, the company gave bond in the penal sum of
$1,000 conditioned, inter alia, to pay to the borough the entire
amount, if the company should " sell out or in any manner be
controlled by another company." Subsequently the company
demised and leased to Frank R. Shattuck all the lines of telephone and systems of telephone communication owned by the
company in certain specified parts, including this borough, of
certain specified counties, for the term of 999 years, the lessee
agreeing to pay $10,000 fifteen days after the execution of the
lease, a similar sum a month later, and thereafter an annual
rental of $1.00 on the first day of January in each year during
the continuance of the lease. This action was brought to re-
cover the penal sum named in the bond, and the case comes
before us upon appeal from judgment entered for want of a
sufficient affidavit of defense.

In its statement of claim the plaintiff does not rely solely on
the making of the lease as a breach of the condition of the
bond, but goes on to allege with regard to it, that the possession and control of the company's telegraph and telephone
system were transferred " under color of a lease, to the said
Frank R. Shattuck as agent of and for a certain company or
companies, unknown to the plaintiff, the said company or companies being the real though undisclosed transferee in the
transaction; " also that they were transferred to him as " nominal lessee with the design on the part of the defendant that
the possession and control of the same shall pass or be trans-
ferred to a company or companies unknown to the plaintiff."
We need not refer to the other averments of the statement of
claim, for none of them is stronger than these we have quoted.
It is averred in the affidavit of defense that the defendant " has
not sold out to nor become in any manner controlled by another company," but " is in existence, has a full set of officers
and directors, and is operating its telephone system in the
state of Pennsylvania; " further that " it has not sold out its

telephone system to Frank R. Shattuck, nor any other person or company, nor has it become in any manner controlled by said Frank R. Shattuck or any other company;" nor, quoting further from the affidavit, was the lease of the poles, wires and property "to the lessee as an agent for any company or companies, nor as a nominal lessee with the design on the part of the defendant that the possession and control of the same should pass or be transferred to a company or companies," but was made with him "in pursuance of an agreement with him in good faith for the purpose therein mentioned, and for the purpose of better enabling said defendant to operate its telephone system;" and that the agreement or lease was not executed and carried into effect for the purpose of evading the conditions of the ordinance or bond "but was made in good faith and for the purposes therein mentioned." We are unable to agree with the appellee's counsel that these denials and averments of the affidavit of defense are merely argumentative, and amount to no more than to say that the lease to Shattuck is not a sale, and the lease to him for the use of some other company is not a sale to a company. They speak for themselves, and we cannot more clearly show the reasons for our conclusion that they are sufficiently responsive to the somewhat inconsistent averments of the statement of claim than by the quotations we have made. Counsel for the appellee state their position very concisely as follows: "In terms a lease is not a sale, and an individual is not a company. Nor is a sale to an individual for the use of a company a sale to the company directly. A transaction, however, by which the appellant parts with all control for 999 years, and passes the same over to Shattuck for the benefit of another corporation is a violation of the agreement not to sell or in any way part with control." But as the case is now presented we have no right to assume that the control was passed over to the lessee for the benefit of another corporation. These allegations of extraneous facts are sufficiently denied by the affidavit of defense to exclude them from consideration at this time; and we shall express no opinion as to the right to recover the penalty of the bond in the event of their being established upon the trial of the case. Let it be granted that the plaintiff can recover the penalty for breach of this condition without proof of special damage, be-

cause it is so written in the bond. But if the plaintiff may stand on the letter of the bond, so may the defendant, until the extraneous facts alleged in the statement of claim are established by proof. The lease itself, without more, is not a sale, and manifestly did not vest control in any other company.

Other questions are quite elaborately argued in the briefs of counsel, but we refrain from discussing them until, it shall be necessary to do so. The affidavit of defense was sufficient to prevent summary judgment and to put the plaintiff to proof of other facts besides the mere making of the lease.

Judgment reversed and procedendo awarded.